IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDY OXENRIDER, | No. 4:23-CV-01449 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| TRINITY FOOD SERVICE CORPORATION, *et al.*, | |
| Defendants. | |

MEMORANDUM OPINION

OCTOBER 25, 2023

Plaintiff Andy Oxenrider is currently incarcerated at the State Correctional Institution in Houtzdale, Pennsylvania. He filed the instant *pro se* lawsuit concerning his prior imprisonment at Schuylkill County Prison, purportedly pursuant to Section 1983.[1] Oxenrider, however, asserts only state-law claims and there is no diversity of citizenship between the parties. Because subject matter jurisdiction is lacking, the Court must dismiss Oxenrider's complaint.

I.      STANDARDS OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," *pro se* prisoner complaints targeting governmental entities, officers, or employees.[2] One

---

[1] 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

[2] *See* 28 U.S.C. § 1915A(a).

basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]"[3]  This language closely tracks Federal Rule of Civil Procedure 12(b)(6).  Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).[4]

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[5]  The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[6]  In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[7]

---

[3]  *Id.* § 1915A(b)(1).
[4]  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (per curiam) (nonprecedential); cf. *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).
[5]  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).
[6]  *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).
[7]  *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[8] At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[9] Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[10] Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[11] Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[12]

Because Oxenrider proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[13] This is particularly true when the *pro se* litigant, like Oxenrider, is incarcerated.[14]

## II.   DISCUSSION

Oxenrider alleges that on March 11, 2022, he was served contaminated food at Schuylkill County Prison.[15] He claims that, after eating the contaminated food,

---

[8] *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).
[9] *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).
[10] *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[11] *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[12] *Iqbal*, 556 U.S. at 681.
[13] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).
[14] *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).
[15] Doc. 1-1 ¶ 11.

he contracted Hepatitis A and eventually had to be hospitalized.[16] He additionally contends that Defendants received other complaints from inmates before and after he was served, and sickened by, the contaminated food.[17]

Oxenrider alleges that Defendants "knew" or "should have known" that they were serving contaminated food to him.[18] He asserts state-law claims of negligence (Count I) and strict liability (Count II), and additionally includes a claim for loss of consortium (Count III).[19] As relief, he seeks compensatory and punitive damages, as well as costs and attorney's fees.[20]

A. **Subject Matter Jurisdiction**

Federal courts are courts of limited jurisdiction.[21] "They possess only that power authorized by Constitution and statute[.]"[22] When a plaintiff asserts only state-law claims, federal subject matter jurisdiction must be derived from 28 U.S.C. § 1332, often referred to as "diversity jurisdiction."[23] Under Section

---

[16] *Id.* ¶¶ 12-14.
[17] *Id.* ¶ 15.
[18] *Id.* ¶ 16.
[19] *Id.* ¶¶ 18-31. It does not appear that Oxenrider understands what "loss of consortium" means, and instead seems to believe that it concerns compensatory damages for his own injuries and medical care. *See id.* ¶¶ 29-31. Loss of consortium, however, is a derivative claim that arises from a marital relationship. *Dep't of Pub. Welfare v. Schultz*, 855 A.2d 753, 755 (Pa. 2004). Loss of consortium allows spouses of injured victims to seek compensation for the loss of society, companionship, and services resulting from a disabling injury to their spouse. *See Burns v. Pepsi-Cola Metro. Bottling Co.*, 510 A.2d 810, 812 (Pa. Super. Ct. 1986) (citations omitted).
[20] *See* Doc. 1-1 ¶¶ 30, 32-33.
[21] *Erie Ins. Exch. v. Erie Indemn. Co.*, 68 F.4th 815, 818 (3d Cir. 2023).
[22] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).
[23] *See* 28 U.S.C. § 1332; *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018).

1332(a), in order for a federal district court to have original jurisdiction over state-law claims, the matter in controversy must exceed $75,000 and there must be complete diversity of citizenship between the parties.[24]  Complete diversity means that "no plaintiff can be a citizen of the same state as any of the defendants."[25]

From the face of the complaint,[26] it is obvious that diversity of citizenship is lacking in this case.  Oxenrider's home address and prison address are both located in Pennsylvania.[27]  He also appears to acknowledge that most, if not all, of the named defendants are citizens of Pennsylvania.[28]  Consequently, there is no diversity of citizenship and this Court lacks subject matter jurisdiction to entertain Oxenrider's state-law claims.

### B.     Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile."[29]  Leave to amend will be denied as futile.  Oxenrider's lawsuit—asserting state-law claims of negligence and strict liability against non-diverse defendants—belongs in state court.  And that is where he should file this case if he chooses to reassert these claims.

---

[24]  *See* 28 U.S.C. § 1332(a); *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013) (citation omitted).
[25]  *Johnson*, 724 F.3d at 346 (citation omitted).
[26]  Doc. 1-1.
[27]  *See id.* 1-1 ¶ 5.
[28]  *See id.* ¶¶ 6-8.
[29]  *Grayson*, 293 F.3d at 114.

## III. CONCLUSION

Based on the foregoing, the Court will dismiss without prejudice Oxenrider's complaint (Doc. 1-1) for lack of subject matter jurisdiction. Leave to amend will be denied. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge